JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9017 GAF (FMOx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Maximino Flores et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**     **(In Chambers)**

## ORDER REMANDING CASE

## I.  INTRODUCTION

Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed this unlawful detainer action against defendants Maximino and Epifania Flores ("Defendants") in Los Angeles County Superior Court on August 20, 2010.  (Docket No. 1, Not. of Removal [Complaint for Unlawful Detainer ("Compl.")].)  On November 22, 2010, Defendants removed the action to this Court.  (Docket No. 1.)  In their Notice of Removal, Defendants request that this Court consolidate this case with a class action suit regarding unlawful foreclosures currently pending in the Central District.  (Not. of Removal ¶ 9.)

## II.  DISCUSSION

### A. STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.  Removal is proper

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9017 GAF (FMOx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Maximino Flores et al | | |

only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented ***on the face of the plaintiff's properly pleaded complaint.***"  Id. (emphasis added).

**B. DEFENDANTS HAVE NOT ESTABLISHED THAT PLAINTIFF'S CLAIM ARISES UNDER FEDERAL LAW**

Deutsche Bank seeks to evict Defendants from a residence that it alleges it purchased at a foreclosure sale.  (Compl. ¶ 4.)  In their Notice of Removal, Defendants contend that Deutsche Bank violated the federal Truth in Lending Act, Real Estate Settlement Procedures Act, and other federal laws and regulations.  (Not. ¶ 7.)

Defendants' allegations cannot establish federal question jurisdiction.  Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (holding that a defendant's counter-claim presenting a federal question does not make a case removable).  Deutsche Bank's complaint for unlawful detainer under California law states no federal causes of action.  And it is not enough for Defendants to allege that "a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law."  Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009).  Because there is no federal question presented on the face of Plaintiff's complaint, the Court lacks federal question jurisdiction over this case.

Federal courts have no power to consider claims for which they lack subject matter jurisdiction.  Wang v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).  Thus, because the Court lacks jurisdiction, it cannot consolidate this action with the unlawful foreclosure class action.  See U.S. Bank Nat'l Ass'n v. Tyler, No. 10-4033, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) ("[T]he court must consider whether it has subject matter jurisdiction over the removed unlawful detainer action before it can consider whether the unlawful detainer action should be consolidated with the related wrongful foreclosure action.").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9017 GAF (FMOx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Maximino Flores et al | | |

### III. CONCLUSION

For the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction over this case. This case is therefore **REMANDED** to state court.

**IT IS SO ORDERED.**